# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ROCCO N. JACAVONE, JR., and MARSHA S. JACAVONE | ) ) ) |
| *Plaintiff,* | ) ) |
| vs. | ) CA NO. ) ) |
| | ) CIVIL COMPLAINT |
| GREENTREE SERVICING, LLC, and FEDERAL NATIONAL MORTGAGE ASSOCIATION | ) ) JURY DEMANDED ) ) |
| *Defendant*. | ) ) |

## INTRODUCTION

1. This complaint seeks a declaratory judgment that the Defendants, Grenntree Mortgage Servicing and Federal National Mortgage Association proceeded with a non-judicial foreclosure of Plaintiffs' mortgage without providing Plaintiffs' notice of their right to participate in a mediation conference in violation of R.I.G.L. § 34-27-3.2.

2. The Plaintiffs' pray that this Honorable declare any attempted foreclosure by the Defendants of the mortgage void, enjoin the Defendants' from proceeding with foreclosure until such time as they comply with the provisions of R.I.G.L. § 34-27-3.2, and quiet the title of said property by declaring Plaintiffs' the sole owner of said property.

## JURISDICTION AND VENUE

3. This Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) and the matter in controversy exceeds $75,000.00 exclusive of interest and costs, and because the Defendants are citizens of States outside of the State of Rhode Island.

4. Plaintiff further avers that the Court has redressible claims over the matters in this complaint pursuant to the following statutes:

    a. Plaintiff claims ownership of the latter described premises and seek to clear their title of all illegal encumbrances pursuant to the provisions of Rhode Island General Laws § 34-16-4;

    b. Plaintiff claims that only he has marketable title to the premises pursuant to the provisions of R.I.G.L. § 34-13.1-5, to wit, nineteen (19) years of ownership of the fee interest;

    c. Plaintiff, as mortgagor, may seek to redeem, pursuant to R.I.G.L. § 34-26-1, the mortgage note and mortgage deed from the actual mortgagee, or lawful assignee of the mortgage deed and note;

    d. Plaintiffs' claim their rights as afforded them under Rhode Island Law, pursuant to R.I.G.L. § 34-27-3.2, were violated;

    e. Plaintiff claims a judicial determination pursuant to R.I.G.L. § 9-30-2 whether the deed to the premises is affected by any conveyance of another person in the chain of title.

## PARTIES

5. Plaintiffs' Rocco N. Jacavone, Jr. and Marsha S. Jacavone, reside at and claim to be the owners of real property located 200 Shun Pike Road, Johnston, RI 02919, which is the subject property referenced herein.

6. Defendant Federal National Mortgage Association (FNMA) is located at 3900 Wisconsin Avenue, NW, Washington, DC 20016. FNMA is trustee for the securitized mortgage backed trust which own Plaintiffs' note and mortgage.

7. Defendant Green Tree Servicing, LLC (Green Tree) is a mortgage servicing company with headquarters at 1400 Turbine Drive, Rapid City, SD 57703.

## FACTS

8. Plaintiffs' Rocco N. Jacavone, Jr. and Marsha S. Jacavone, reside at and claim to be the owners of real property located 200 Shun Pike Road, Johnston, RI 02919, which is the subject property referenced herein.

9. On or about August 18, 1995, the subject property was granted to Plaintiffs. The Deed evidencing transfer of the ownership of the subject property was recorded in the Town of Johnston, Clerks Office, Land Evidence Records in Book 546 Page 245 on August 23, 1995.

10. On or about November 8, 2007, the Plaintiffs' executed a mortgage, in the amount of $270,000.00, to Quicken Loans, as Lender, and MERS as mortgagee and nominee of Lender. Said mortgage was recorded in the Town of Johnston, Clerk's Office, Evidence of Land Records, in Book 1881 at Page 213, on November 14, 2007.

11. Through as series of mortgage assignments Federal National Mortgage Association became the mortgagee, and through a series of mortgage servicing rights transfers, Greetree Servicing, LLC became the servicer of Plaintiffs' mortgage loan.

12. Upon information and belief, Federal National Mortgage Association, through its mortgage servicer, Greentree Servicing, LLC instituted a non-judicial foreclosure and scheduled a mortgagee's foreclosure sale of Plaintiffs' subject property for November 25, 2014 without providing notice to Plaintiffs' of their right to participate in a mediation conference in violation of R.I.G.L. § 34-27-3.2.

13. Pursuant to R.I.G.L. § 34-27-3.2(m), failure of the mortgagee to comply with the requirements of R.I.G.L. § 34-27-3.2 shall render any foreclosure void.

14. The Plaintiffs' pray that this Honorable Court declare any attempted foreclosure by the Defendants of the mortgage void, and enjoin the Defendants' from proceeding with foreclosure until such time as they comply with the provisions of R.I.G.L. § 34-27-3.2.

## COUNT I
## DECLARATORY JUDGMENT

15. The Plaintiffs' hereby reincorporate paragraphs 1 – 14 as if they were fully articulated herein.

16. Defendants' instituted a non-judicial foreclosure and scheduled a mortgagee's foreclosure sale of Plaintiffs' subject property without providing notice to Plaintiffs' of their right to participate in a mediation conference in violation of R.I.G.L. § 34-27-3.

17. Pursuant to R.I.G.L. § 34-27-3.2(m), failure of the mortgagee to comply with the requirements of R.I.G.L. § 34-27-3.2 shall render any foreclosure void.

18. Plaintiffs' are being irreparably harmed by the actions of the Defendants.

19. Plaintiffs' have no other remedy at law but to seek the relief requested herein.

20. The Equities of the matter favor the Plaintiffs.

21. Public Policy matters favor the Plaintiffs.

**WHEREFORE**, Plaintiffs pray for the following relief:

   a. Determine that the Defendants' instituted a non-judicial foreclosure and scheduled a mortgagee's foreclosure sale of Plaintiffs' subject property without providing notice to Plaintiffs' of their right to participate in a mediation conference in violation of R.I.G.L. § 34-27-3;

   b. Declare any attempted foreclosure by the Defendants' of the mortgage in violation of R.I.G.L. § 34-27-3, void, and without force and effect;

   c. Enjoin the Defendants' from proceeding with foreclosure until such time as they comply with the provisions of R.I.G.L. § 34-27-3.2;

   d. Award the Plaintiffs' compensatory damages against the Defendants' for their wrongful slander of title and abuse of process in a sum to be determined by a trier of fact;

   e. Award legal fees and costs;

   f. Award punitive damages;

    g.  Award such other relief as this Court deems just and proper.

## COUNT II
## BREACH OF DUTY OF GOOD FAITH AND REASONABLE DILIGENCE

22.    Plaintiffs' repeat and reincorporate paragraphs 1-21 above as if fully articulated herein.

23.    As the entities responsible for exercising the statutory power of sale, Defendants Federal National Mortgage Association and Greentree Mortgage Serviving, LLC, owed the Plaintiffs' a duty of good faith and fair dealing in the conduct leading up to the foreclosure proceedings and sale.

24.    By conducting foreclosure proceedings in violation of R.I.G.L. § 34-27-3, the Defendants' breached this duty.

25.    The Plaintiffs' were damaged by these breaches of duty including without limitation, Loss of real property, loss of equity, lost opportunities to work-out their mortgage delinquency, and by imposition of inappropriate foreclosure fees and costs on their account.

26.    Plaintiffs' suffered severe and extreme emotional and mental distress as the direct result of the Defendants' actions.

27.    The Plaintiffs' are entitled to a declaratory judgment determining that any attempted foreclosure by the Defendants' of the mortgage is in violation of R.I.G.L. § 34-27-3, is therefore void, and without force and effect.

28.    The Plaintiffs' are entitled to an injunction preventing the foreclosure sale of their property until such time as the Defendants comply with R.I.G.L. § 34-27-3.

29.    The Plaintiffs' are entitled to cancellation costs and fees assessed to them for wrongful foreclosure, together with additional damages.

**WHEREFORE**, Plaintiffs' respectfully request that this Honorable Court grant the following relief:

    i.  Declare any attempted foreclosure by the Defendants' of the subject mortgage is in violation of R.I.G.L. § 34-27-3, void, and without force and effect;

ii. Declare that any mortgagee's foreclosure sale conducted by the Defendants' is void;

iii. Injunctive relief staying Defendants' from proceeding with any foreclosure and/or eviction until such time as the Defendants' are in full compliance with R.I.G.L. § 34-27-3;

iv. Declare that the Plaintiffs' Rocco N. Jacavone, Jr. and Marsha S. Jacavone are the owners of the subject property;

v. Award the Plaintiffs' money damages from Defendants' for all damages including but not limited to attorneys' fees, actual costs and charges regarding foreclosure, emotional and mental distress, punitive damages, and such further relief as is just and equitable;

vi. Injunctive relief staying any non-judicial foreclosure, mortgagee's foreclosure sale, and/or eviction action regarding the subject property so that this case may adequately be heard prior to an unjust foreclosure and or eviction; and

vii. Such other relief this Court deems fair and just.

Dated: November 24, 2014

Respectfully Submitted, Plaintiff,
Plaintiffs' Rocco N. Jacavone, Jr.
and Marsha S. Jacavone,
by their Attorney,
Todd S. Dion,

/s/ Todd S. Dion
Todd S. Dion Esq. (6852)
1599 Smith Street
North Providence,  RI 02911
401-649-4330 Phone
401-649-4331 Fax
toddsdion@msn.com